WILLIAM R. JOHNSON, Plaintiff in Error, *v.* JAMES McGINNESS, Defendant in Error.

*Error to Yamhill.*

Money paid, without fraud or deceit, under a mistake of the law, cannot be recovered back.

IN the year 1845, the defendant, McGinness, being a married man, settled upon a certain section of land in Yamhill County, as a claimant under the act of Congress of September 27th, 1850, known as the donation act. His entire residence was upon the east half of the claim; and his wife died in 1846, without issue. In 1853, McGinness, still residing upon the east half of the section, supposed and represented to Johnson that he, McGinness, was the owner of, and entitled to a patent for, the west half of said section, as survivor of his deceased wife. Johnson, believing the representations of McGinness, purchased the west half of the section, and paid therefor the sum of $1,200. McGinness executed to Johnson a quit-claim deed of the premises, and bound himself in the deed, and also in a bond, to execute to Johnson a general warrantee deed of the premises, as soon as practicable after obtaining a patent therefor from the United States. Subsequently, Johnson became the grantee of the same land from the United States.

The action in the court below was brought to recover back the money so paid. The judgment of the court below was in favor of the defendant, and this action is brought to reverse that judgment.

*Williams & Gibbs*, for plaintiff in error.

*J. K. Kelly*, for defendant in error.

WAIT, C. J.   The act of Congress of September 27th, 1850, known as the donation act, provides " that there shall be and hereby is granted to every white settler or occupant of the public lands, American half-breed Indians included, above the age of eighteen years, being a citizen of the United States, or having made a declaration according to law of his intention to become a citizen, or who shall make such declaration on or before the first day of December, eighteen hundred and fifty-one, now residing in said territory, or who shall become a resident thereof on or before the first day of December, eighteen hundred and fifty, and who shall have resided upon and cultivated the same for four consecutive years, and shall otherwise conform to the provisions of this act, the quantity of one half section, or three hundred and twenty acres of land, if a single man, and if a married man, or if he shall become married within one year from the first day of December, eighteen hundred and fifty, the quantity of one section, or six hundred and forty acres of land ; one half to himself, and the other half to his wife, to be held by her in her own right ; and the surveyor-general shall designate the part enuring to the husband, and that to the wife, and enter the same in the records of his office ; and in all cases where such married persons have complied with the provisions of this act, so as to entitle them to the grant as above provided, whether under the late provisional government or since, and either shall have died before patent issues, the survivor and children, or heirs of the deceased, shall be entitled to the share or interest of the deceased, in equal proportions, except where the deceased

shall otherwise dispose of it by testament, duly and properly executed according to the laws of Oregon." (Section four.)

" That upon the death of any settler before the expiration of the four years' continued possession required by this act, all the rights of the deceased under this act shall descend to the heirs at law of such settler, including the widow, where one is left, in equal parts; and proof of compliance with the conditions of this act, up to the time of the death of such settler, shall be sufficient to entitle them to the patent." (Section eight.)

It is a rule of law that money paid, without fraud, under a mistake of the law, cannot be recovered back. (1 *Peters' Rep.* 15.)

There was no fraud or deceit in the sale by McGinness to Johnson; but there was a material mistake as to whether, in law, McGinness was entitled to the land, as survivor of his wife.

It appears from the plaintiff's showing, that McGinness settled upon his land claim in 1845, being a married man, and that his wife died in 1846, without issue; and whether McGinness thereby became entitled to any land as the survivor of his wife, was a question of law.

In relation to the facts, there was no fraud, deceit, misrepresentation, or misunderstanding; but in relation to the law applicable to those facts, the parties were mutually mistaken.

Money, so paid, cannot be recovered back.

The judgment of the court below should be, and is *affirmed.*